UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCHMALZ, INC.,

    Plaintiff,

v.

BETTER VACUUM CUPS, INC.,

    Defendant.

Case No. 2:16-cv-10040
Hon.
Magistrate Judge

---

HOWARD & HOWARD ATTORNEYS PLLC
By:    Gerald E. McGlynn, III (P41149)
        Dean W. Amburn (P46427)
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Phone: (248) 645-1483 | Fax: (248) 645-1568
Email: GMcGlynn@HowardandHoward.com
       DAmburn@HowardandHoward.com

*Attorneys for Plaintiff*

---

## COMPLAINT AND JURY DEMAND

Plaintiff, Schmalz, Inc. submits the following complaint and jury demand against Defendant, Better Vacuum Cups, Inc.:

## THE PARTIES

1. Plaintiff, Schmalz, Inc. (hereinafter identified as "Plaintiff" or "Schmalz"), is a corporation organized and existing under the laws of the state of North Carolina and having a place of business located at 5200 Atlantic Avenue, Raleigh, North Carolina 27616, U.S.A.

2. Upon information and belief, Defendant, Better Vacuum Cups Inc. (hereinafter identified as "Defendant" or "BVC"), maintains a place of business located at 40195 Chino Hills Parkway #448, Chino Hills, California 91709, U.S.A.

1

## VENUE AND JURISDICTION

3. This action arises under the patent laws of the United States, Title 35 of the United States Code (for example, 35 U.S.C. §§ 271, 281, 283, 284, and 285). This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has general personal jurisdiction over Defendant, BVC, because it has systematic and continuous contacts with the State of Michigan. Specifically, upon information and belief, BVC sells infringing products into this state via its website located at www.GreenBVC.com and on the websites of others advertising BVC infringing products. In addition, this Court has specific personal jurisdiction over BVC, because upon information and belief it has purposefully availed itself of the laws of the State of Michigan by conducting business with one or more customers of the Plaintiff located in this judicial district and by selling infringing products to customers located in this judicial district. Attached as **Exhibit A** is an invoice from BVC for the sale of an infringing product to a company in Belmont, Michigan.

5. This Court's exercise of jurisdiction over Defendant, is consistent with the requirements of due process because, for example, (1) Defendant purposefully avails itself of the privilege of conducting business activities in Michigan by targeting businesses located in the State of Michigan for the purposes of selling the infringing products, thus invoking the benefits and protections of Michigan's laws; (2) Plaintiff's claims arise from the activities of Defendant in Michigan; and (3) the Court's exercise of jurisdiction over Defendant is reasonable because Michigan has a manifest interest in providing effective means of redress to Plaintiffs as Michigan is the place where at least some of the harm has occurred.

6. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## CLAIM FOR PATENT INFRINGEMENT

7. Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-6 above.

8. United States Patent No. 6,364,299 (the '299 Patent) entitled Vacuum Holding Apparatus was duly and legally issued by the United States Patent and Trademark Office on April 2, 2002. A copy of the '299 Patent is attached hereto as **Exhibit B**.

9. Schmalz is the owner by assignment of all right, title and interest to the '299 Patent, as evidenced by the assignment recorded with the United States Patent and Trademark Office. A copy of the assignment is attached hereto as **Exhibit C**.

10. Defendant has been and is now directly infringing and/or indirectly infringing by inducement and/or contributory infringement of the '299 Patent in this district and elsewhere by making, using, offering for sale, selling, importing, exporting, supplying and/or distributing within, to, and/or from the United States products including but not limited to vacuum holding apparatuses, as well as replacement cups especially made or especially adapted for use with the infringing vacuum holding apparatus of the '299 Patent and that are covered by at least one claim of the patent in suit, or inducing such use or contributing thereto, all to the injury of Plaintiff in violation of 35 U.S.C. § 271(a), (b), (c), and/or (f).

11. Upon information and belief, Defendant has performed and/or performs acts that constitute contributory infringement with knowledge of the '299 Patent in suit knowing that the accused products are especially made or especially adapted for use in an infringement of the '299 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use. Upon information and belief, Defendant knows of or is willfully blind to the '299 Patent.

12. Upon information and belief, Defendant has performed and/or performs the acts that constitute induced infringement with knowledge of the '299 Patent in suit and with the knowledge or willful blindness that the induced acts would constitute infringement.

13. Defendant has been and is now directly and/or indirectly infringing at least claims 1, 8, 9, 10, and 12 of the '299 Patent.

14. Defendant's infringing products include, but are not necessarily limited to Defendant's replacement cups having the following part numbers: HH114160K1.50, HH11486K1.50, HH11449K1.50, MM114160K1.50, MM11486K1.50, MM11449K1.50, and MM45160K1.50.

15. Plaintiff has given notice to Defendant of its infringement.

16. Defendant's infringement has been and is willful.

17. Defendant has obtained gains, profits, and advantages as a result of its unlawful acts.

18. As a result of Defendant's acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

## REQUESTED RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. A judgment that Defendant has infringed the '299 Patent in suit;

B. A permanent injunction enjoining Defendant, its agents, employees, representatives, successors and assigns, and those acting in privity or in concert with them, from further infringement of the '299 Patent in suit;

C. A judgment and order that Defendant pay Plaintiff damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement until Defendant is enjoined from further infringing activities;

D. An accounting of damages through verdict and thereafter until Defendant is enjoined from further infringing activities;

E. The judgment and order requiring Defendant to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded, including an award of pre-judgment interest pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the '299 Patent in suit by the Defendant to the day a damages judgment is entered, and a further award of post-judgment interest pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law;

F. A judgment and order finding this to be an exceptional case and requiring Defendant to pay the costs of this action (including all disbursements), attorneys fees as provided by 35 U.S.C. § 285, and enhanced damages under 35 U.S.C. § 284;

G. Such other and further relief as the Court deems just and equitable.

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby respectfully requests a trial by jury on all issues triable of right by jury.

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

Dated: January 6, 2016		By:  /s/ Dean W. Amburn
		Gerald E. McGlynn, III (P41149)
		Dean W. Amburn (P46427)
		450 West Fourth Street
		Royal Oak, Michigan 48067-2557
		Phone:  (248) 645-1483 | Fax: (248) 645-1568
		Email: GMcGlynn@HowardandHoward.com
		           DAmburn@HowardandHoward.com

*Attorneys for Plaintiff*

4841-1875-5113, v.  1

6