UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCHMALZ, INC.,

          Plaintiff,                           Case No. 16-10040
                                              HON. GERSHWIN A. DRAIN

vs.

BETTER VACUUM CUPS, INC.,

          Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS [#24] AND CANCELING HEARING**

## I.    INTRODUCTION AND BACKGROUND

On January 6, 2016, Plaintiff Schmalz, Inc. filed the instant patent infringement action raising claims of direct and indirect infringement of United States Patent No. 6,364,299 (the "'299 Patent") by Defendant Better Vacuum Cups, Inc.  Plaintiff's Complaint alleges indirect infringement based on inducement and contributory infringement theories.

Presently before the Court is Defendant's Motion for Sanctions, filed on August 12, 2016.  Plaintiff filed a Response in Opposition on August 29, 2016, and Defendant filed a Reply brief on September 15, 2016.  Upon review of the parties' submissions,

the Court concludes that oral argument will not aid in the disposition of this matter. Thus, the Court will cancel the hearing scheduled for October 13, 2016 and will decide the instant motion on the submitted briefs. *See* E.D. Mich. L.R. 7.1(f)(2).

At the outset of this litigation, the parties attempted to reach a settlement agreement. In light of the parties efforts in this regard, Plaintiff twice agreed to provide Defendant an extension of time to answer the Complaint. The Court also held two status conferences with the parties concerning their efforts to settle the case. However, the parties were unable to reach a settlement agreement, therefore the Court entered an Order requiring Defendant to file an Answer no later than July 12, 2016.

On July 12, 2016, Defendant filed a Rule 12(b)(6) Motion for Partial Dismissal, as well as an Answer to the Complaint.[1] Defendant's Motion for Partial Dismissal argued that Plaintiff's claims of indirect and willful infringement were legally deficient because they were not supported by sufficient factual allegations. In lieu of filing a responsive brief to Defendant's Motion for Partial Dismissal, Plaintiff filed a First Amended Complaint on July 29, 2016.

## II.    LAW & ANALYSIS

---

[1] To the extent Plaintiff argues Defendant should not have filed a Rule 12(b)(6) Motion because the Court's Order only provided a deadline for the filing of an Answer, such an argument is not well taken. The Court's Order said nothing about Defendant's right to file a Motion for Dismissal. In fact, Rule 12(b) requires that certain defenses be made prior to the filing of a responsive pleading. *See* Fed. R. Civ. P. 12(b).

Defendant moves for sanctions pursuant to 28 U.S.C. § 1927 and E.D. Mich.
L.R. 7.1(a).  Section 1927 states that:

> Any attorney or other person admitted to conduct cases in any courts of
> the United States . . . who so multiplies the proceedings in any case
> unreasonably and vexatiously may be required by the court to satisfy
> personally the excess costs, expenses, and attorneys' fees reasonably
> incurred because of such conduct.

28 U.S.C. § 1927. "Section 1927 sanctions are warranted when an attorney objectively
'falls short of the obligations owed by a member of the bar to the court and which, as
a result, causes additional expense to the opposing party.'" *Red Carpet Studios
Division of Source Advantage, Ltd. v. Slater*, 465 F.3d 642, 646 (6th Cir. 2006) (citing
*In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987)).  An attorney may be sanctioned if
there is "a showing of something less than subjective bad faith, but something more
than negligence or incompetence." *Followell v. Mills*, 317 F. App'x 501, 511 (6th Cir.
2009). An attorney is subject to sanctions "when he intentionally abuses the judicial
process or knowingly disregards the risk that his actions will needlessly multiply
proceedings."  *Id.* Sanctions pursuant to § 1927 are designed "to deter dilatory
litigation practices and to punish aggressive tactics that far exceed zealous advocacy."
*Red Carpet Studios*, 465 F.3d at 646.

Pursuant to this Court's Local Rules, a moving party must ascertain whether a
contemplated motion will be opposed.  *See* E.D. Mich. L.R. 7.1(a)(1).  If, after a

conference between the parties, concurrence in the requested relief is withheld, "[t]he court may tax costs for unreasonable holding of consent." E.D. Mich. L.R. 7.1(a)(3).

Defendant seeks to hold counsel for Plaintiff personally liable for the costs, expenses and attorney's fees incurred by Defendant in its preparation and filing of the Motion for Partial Dismissal. Defendant asserts that it requested Plaintiff withdraw its original Complaint and re-file it with more detailed factual allegations, but Plaintiff refused Defendant's request. It was only after Defendant filed its Motion for Partial Dismissal that Plaintiff filed its First Amended Complaint to include additional factual allegations. Defendant asserts that Plaintiff's purpose was to force Defendant into wasting time and resources by preparing a Motion for Partial Dismissal that would immediately be rendered useless. Defendant argues that Plaintiff's actions were undertaken in bad faith and to inflict "maximum financial harm" on Defendant.

Contrary to Defendant's assertions, Plaintiff's conduct does not warrant the imposition sanctions under either § 1927 or Local Rule 7.1(a)(3). Defendant first raised concerns about the Complaint's factual allegations in an email dated July 5, 2016. Plaintiff's counsel responded the same day and explained his belief that the Complaint satisfied the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and requested case authority supporting Defendant's position. However, Defendant did not respond.

-4-

Several communications between the parties ensued, yet Defendant failed to provide any authority for his claims that the Complaint failed to satisfy *Iqbal* and *Twombly's* pleading requirements.

Moreover, the Court cannot impose sanctions upon Plaintiff for engaging in conduct that is expressly permitted by the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 15(a)(1)(B) allows a party to amend a pleading once as a matter of course within twenty-one (21) days after service of a motion under Rule 12(b).  *See* Fed. R. Civ. P. 15(a)(1)(B).  Instead of "needlessly multiplying" the proceedings, the Advisory Committee Notes indicate that the rule is designed to have the opposite effect.  *Id*., Advisory Committee Notes ("A responsive amendment may avoid the need to decide the motion . . . and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings.")

The cases relied on by Defendant wherein counsel was sanctioned pursuant to § 1927 involve egregious and vexatious conduct that is not present here.  In *Red Carpet Studios*, the defendant's attorney was sanctioned for mailing harassing cease and desist letters to the plaintiff and for filing pleadings in a California district court attempting to "do an end-run around" the Ohio court's injunction.  *Red Carpet Studios Division of Source Advantage, Ltd. v. Sater*, 465 F.3dd 642, 644 (6th Cir.  2006).

-5-

Defendant also relies on *Dubuc v. Green Oak Township*, No. 08-13727, which involved a suit against a township for refusing to issue the plaintiff permits to continue a nonconforming use of his property. 2010 U.S. Dist. LEXIS 83715, *2 (E.D. Mich. Aug. 16, 2010). When counsel for the plaintiff amended the complaint to bring a factually frivolous claim against the township's attorney, he was compelled to withdraw as counsel. *Id.* Even though the *Dubuc* plaintiff was given ample time for discovery, he found no factual support for his claim against the Township's attorney, but continued the suit against him. *Id.* at *20-21. The Court therefore imposed sanctions finding that the suit "was pressed in bad faith and with the intent to forc[e counsel] to withdraw and thus complicate matters for the Defendant Township and to increase its legal fees." *Id.* at *28.

Unlike *Red Carpet Studios* and *Dubuc*, counsel for Plaintiff did not engage in vexatious conduct that needlessly multiplied the proceedings. Rather, Plaintiff's counsel requested that Defendant's counsel provide some authority for his position that Plaintiff's infringement claims were insufficiently pled, however Defendant failed to respond to Plaintiff's inquiry. Moreover, Plaintiff's decision to file an Amended Complaint was in conformity with Rule 15 of the Federal Rules of Civil Procedure. It saved not only the Court's time, but likewise saved the parties further expense related to the issues raised by Defendant's Motion. Section 1927 sanctions are

-6-

therefore inappropriate under the circumstances.

Sanctions pursuant to Local Rule 7.1(a)(3) are also unwarranted. Counsel's failure to provide any authority in support of his claims that Plaintiff's Complaint failed *Iqbal's* and *Twombly's* pleading requirements does not comport with the spirit and purpose of the required conference  under Local Rule 7.1. A response that included the case authority cited in Defendant's Motion for Partial Dismissal may have prompted Plaintiff's consent and Defendant would not have had to file a Rule 12(b) Motion. For the foregoing reasons, the Court will not impose sanctions against Plaintiff's counsel.

## III.   CONCLUSION

Accordingly, Defendant's Motion for Sanctions [#24] is DENIED.

SO ORDERED.

Dated: October 11, 2016                    /s/Gershwin A Drain_____
                                           GERSHWIN A. DRAIN
                                           UNITED STATES DISTRICT JUDGE