# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SCHMALZ INC.,

    Plaintiff,

v.

BETTER VACUUM CUPS INC.,

    Defendant.

Case No. 2:16-cv-10040-GAD-SDD
Hon. Gershwin A. Drain
Magistrate Judge Stephanie Dawkins Davis

| | |
|---|---|
| HOWARD & HOWARD ATTORNEYS PLLC<br>By:    Gerald E. McGlynn, III (P41149)<br>450 West Fourth Street<br>Royal Oak, Michigan 48067-2557<br>Phone: (248) 645-1483 \| Fax: (248) 645-1568<br>Email: GMcGlynn@HowardandHoward.com<br><br>AMBURN LAW PLLC<br>By:    Dean W. Amburn (P46427)<br>28588 Northwestern Highway, Suite 100<br>Southfield, Michigan 48034-1840<br>Phone: (248) 621-2111 \| Fax: (248) 308-5540<br>Email: DWA@AmburnLaw.com<br><br>*Attorneys for Plaintiff* | BUTZEL LONG, PC<br>By:    Bill C. Panagos (P34068)<br>41000 Woodward Avenue, Stoneridge West<br>Bloomfield Hills, Michigan 48304-5130<br>Phone: (248) 258-1616 \| Fax: (248) 258-1439<br>Email: Panagos@Butzel.com<br><br>Brian E. McGinty (P76459)<br>150 West Jefferson Avenue, Suite 100<br>Detroit, Michigan 48226-4452<br>Email: McGinty@Butzel.com<br><br>*Attorneys for Defendant* |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH PLAINTIFF'S THIRD PARTY SUBPOENAS [DOC. 104]

Plaintiff, Schmalz Inc., by and through its undersigned attorneys, hereby responds to Defendant's Motion to Quash Plaintiff's Third Party Subpoenas [Doc. 104] and requests that this Court deny the Motion.

Defendant has no standing or authority to interfere with Plaintiff's third party subpoenas when a Protective Order [Doc. 39] is in place for protection of potentially trade secret/confidential information and Defendant does not assert privilege.

Defendant's motion is a part of a progression of hostility towards Plaintiff with no reasonable purpose other than to harass Plaintiff, cause unnecessary delay, and needlessly increase the cost of litigation.

For these reasons, and the reasons explained more fully in the accompanying Brief, Defendant's Motion must be denied.

HOWARD & HOWARD ATTORNEYS PLLC

Dated: July 10, 2017

By: /s/ Gerald E. McGlynn, III
    Gerald E. McGlynn, III (P41149)
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Phone: (248) 645-1483 | Fax: (248) 645-1568
Email: GMcGlynn@HowardandHoward.com

AMBURN LAW PLLC
By:   Dean W. Amburn (P46427)
28588 Northwestern Highway, Suite 100
Southfield, Michigan 48034-1840
Phone: (248) 621-2111 | Fax: (248) 308-5540
Email: DWA@AmburnLaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SCHMALZ INC.,

    Plaintiff,

v.

BETTER VACUUM CUPS INC.,

    Defendant.

Case No. 2:16-cv-10040-GAD-SDD
Hon. Gershwin A. Drain
Magistrate Judge Stephanie Dawkins Davis

| | |
|---|---|
| HOWARD & HOWARD ATTORNEYS PLLC<br>By:   Gerald E. McGlynn, III (P41149)<br>450 West Fourth Street<br>Royal Oak, Michigan 48067-2557<br>Phone: (248) 645-1483 \| Fax: (248) 645-1568<br>Email: GMcGlynn@HowardandHoward.com<br><br>AMBURN LAW PLLC<br>By:   Dean W. Amburn (P46427)<br>28588 Northwestern Highway, Suite 100<br>Southfield, Michigan 48034-1840<br>Phone: (248) 621-2111 \| Fax: (248) 308-5540<br>Email: DWA@AmburnLaw.com<br><br>*Attorneys for Plaintiff* | BUTZEL LONG, PC<br>By:   Bill C. Panagos (P34068)<br>41000 Woodward Avenue, Stoneridge West<br>Bloomfield Hills, Michigan 48304-5130<br>Phone: (248) 258-1616 \| Fax: (248) 258-1439<br>Email: Panagos@Butzel.com<br><br>Brian E. McGinty (P76459)<br>150 West Jefferson Avenue, Suite 100<br>Detroit, Michigan 48226-4452<br>Email: McGinty@Butzel.com<br><br>*Attorneys for Defendant* |

## PLAINTIFF'S BRIEF IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH PLAINTIFF'S THIRD PARTY SUBPOENAS [DOC. 104]

## TABLE OF CONTENTS

I. INTRODUCTION ....................................................................................... 1

II. ARGUMENT .............................................................................................. 2

    A. Defendant Lacks Standing to Quash the Plaintiff's Subpoenas to Third Parties .................................................................. 2

    B. The Parties' Protective Order Will Protect the Confidentiality of the Subpoenaed Information ................................. 4

    C. Plaintiff's Subpoenas Are Not Overly Broad or Unduly Burdensome ........................................................................ 5

    D. Defendant is Obstructing Plaintiff's Discovery and Should Be Sanctioned ...................................................................... 9

CONCLUSION .............................................................................................. 10

i

# INDEX OF EXHIBITS

**Exhibit A**
*Underwood v. Riverview of Ann Arbor*, No. 08-cv-11024-DT,
2008 BL 276904 (E.D. Mich. Dec. 15, 2008) .......................................... 1, 2, 3

**Exhibit B**
*United States v. Wells*, Case No. 06-10589, 2006 BL 114928
(E.D. Mich. Nov. 3, 2006) ........................................................................... 2, 3

**Exhibit C**
*Microsoft Corp. v. Tech. Enter., LLC*, No. 1:07-mc-210-
DFH-TAB, 2008 WL 424613 (S.D. Ind. Feb. 13, 2008) ................................... 3

**Exhibit D**
*Hadix v. Caruso*, Case No. 4:92-cv-110., 2006 BL 105067
(W.D. Mich. Oct. 3, 2006) ................................................................................ 3

**Exhibit E**
*Mann v. Univ. of Cincinnati*, No. 95-3195, 1997 WL 280188
(6th Cir. 1997) .................................................................................................. 3

**Exhibit F**
*Schweinfurth v. Motorola, Inc.*, Case No.. 1:05CV024, 2008
BL 260163 (N.D. Ohio Nov. 19, 2008) ............................................................ 3

## ISSUES PRESENTED

I. Whether Defendant has standing to interfere with Plaintiff's third party subpoenas where there is a protective order in place that specifically applies to third party discovery and protects confidential/trade secret information and Defendant does not allege disclosure of its privileged information?

**Plaintiff Schmalz answers:**          **No**

## CONTROLLING AUTHORITY

Fed. R. Civ. P. 37(a)(1)

E.D. Mich. L.R. 7.1(a)

# TABLE OF AUTHORITIES

## **Cases**

*Hadix v. Caruso*, Case No. 4:92-cv-110., 2006 BL 105067
    (W.D. Mich. Oct. 3, 2006) ...................................................................................3

*Mann v. Univ. of Cincinnati*, No. 95-3195, 1997 WL 280188
    (6th Cir. 1997) ...................................................................................................3

*Microsoft Corp. v. Tech. Enter., LLC*, No. 1:07-mc-210-DFH-
    TAB, 2008 WL 424613 (S.D. Ind. Feb. 13, 2008) ............................................3

*Schweinfurth v. Motorola, Inc.*, Case No.. 1:05CV024, 2008 BL
    260163 (N.D. Ohio Nov. 19, 2008) ....................................................................3

*Underwood v. Riverview of Ann Arbor*, No. 08-cv-11024-DT,
    2008 BL 276904 (E.D. Mich. Dec. 15, 2008) ............................................ 1, 2, 3

*United States v. Raineri*, 670 F.2d 702 (7th Cir. 1982) ............................................3

*United States v. Wells*, Case No. 06-10589, 2006 BL 114928
    (E.D. Mich. Nov. 3, 2006) ...............................................................................2, 3

## **Rules**

E.D. Mich. L.R. 7.1(a) ...............................................................................................2

Fed. R. Civ. P. 11 .......................................................................................................2

Fed. R. Civ. P. 37(a)(1) ..............................................................................................2

## I.   INTRODUCTION

Defendant has no standing to interfere with Plaintiff's third party subpoenas. "It is clear that 'as a general rule, a party has no standing to seek to quash a subpoena directed to a non party.'" *Underwood v. Riverview of Ann Arbor*, No. 08-cv-11024-DT, 2008 BL 276904, *1 (E.D. Mich. Dec. 15, 2008)(**Exhibit A**). The only exception is where the party-movant can demonstrate a "privilege or personal right" relating to the subpoenaed information. *Id.* Defendant does not assert privilege. Instead, Defendant simply objects on the purported grounds that the document requests in the subpoenas are overbroad and unduly burdensome. As will be explained, the requests are not overly broad or burdensome and in fact are narrowly tailored to obtain specific important information. Further, even if the requested information includes Defendant's confidential information, the parties entered into a protective order that specifically applies to third party discovery and protects Defendant's information.

In five of the eight requests of each subpoena Plaintiff seeks "communication" between the third party and *Defendant* on certain relevant topics such as patent infringement. By limiting the request to communication with Defendant, the requests are very specific and clear. Searching for the requested information will be easy for the subpoenaed parties. Further, the requested information goes to the heart of key issues in the case including when and how Defendant first became aware of

1

the asserted patent and possible patent infringement. The other requests are equally important and limited to a narrow group of documents having high relevance to issues of patent infringement and damages.

This is the second of what are now five (5) and counting discovery motions filed by Defendant within the past two weeks. [*See* Docs. 101, 102, 104, 106 and 109]. In each instance, Defendant 1) failed to properly conduct a Rule 37(a)(1)/E.D. Mich. L.R. 7.1(a) conference and instead jumped to filing a motion without even a minimal attempt at reaching an agreement, and 2) is on the thinnest of thin ice without any legal basis for filing the motion. Plaintiff's attempts at cooperation have been met with an increasingly hostile and deceitful response from Defendant that can only reasonably be characterized as intended to harass, cause delay and needlessly increase litigation costs. Defendant should be sanctioned pursuant to Federal Rule of Civil Procedure 11.

II. **ARGUMENT**

    A. **Defendant Lacks Standing to Quash the Plaintiff's Subpoenas to Third Parties**

The *Underwood v. Riverview of Ann Arbor* case is instructive on the issue of standing to quash a third party subpoena. It is clear that, "as a general rule, a party has no standing to seek to quash a subpoena directed to a non-party." *Id. Citing United States v. Wells*, Case No. 06-10589, 2006 BL 114928, *2 (E.D. Mich. Nov. 3, 2006)(**Exhibit B**); *Microsoft Corp. v. Tech. Enter., LLC*, No. 1:07-mc-210-DFH-

TAB, 2008 WL 424613, *1 (S.D. Ind. Feb. 13, 2008)(**Exhibit C**); *Hadix v. Caruso*, Case No. 4:92-cv-110., 2006 BL 105067, *1 (W.D. Mich. Oct. 3, 2006)(**Exhibit D**). But an exception exists where the party-movant can demonstrate a claim of privilege or personal right. *Id.* citing *Mann v. Univ. of Cincinnati*, No. 95-3195, 1997 WL 280188, *4 (6th Cir. 1997)(per curiam)(**Exhibit E**); *Microsoft*, 2008 WL 424613 at *1) (quoting *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982)); *Schweinfurth v. Motorola, Inc.*, Case No.. 1:05CV024, 2008 BL 260163, *2 (N.D. Ohio Nov. 19, 2008)(**Exhibit F**). Finally, a party seeking to quash a subpoena bears a heavy burden of proof. *Id.* citing *Wells*, 2006 BL 114928 at *2. The case *Smith v. Sears, Roebuck and Co.* cited by Defendant is in accord with, and in fact cites to, *Underwood*. (*See* Doc. 104, Pg ID 1594, Defendant's brief).

In *Underwood,* the court held that the defendant "in seeking to quash subpoenas directed at third-parties, makes no claim of privilege or personal right. As such, and in light of the heavy burden of proof, the court finds Defendant is without standing to quash these subpoenas." *Id.* The same is true here where Defendant does not make a claim of privilege or personal right. Defendant's entire argument revolves around an allegation that the subpoenas are overly broad and unduly burdensome.

3

### B. The Parties' Protective Order Will Protect the Confidentiality of the Subpoenaed Information

To the extent that any of the information that the subpoenaed parties produce is confidential or trade secret, the information will be protected by the Court's Protective Order [Doc. 39]. The Protective Order provides that "**Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or incudes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party** to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material." (Emphasis added). *Id.* at § 1. The Protective Order [Doc. 39] also specifically provides for protection of third party discovery:

> 20. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.
>
> 21. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" "RESTRICTED – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – PROSECUTION BAR" any documents, information or other material, in whole or in part, produced or give by such documents, information or other material, in whole or in part, produced or give by such Third Parties. The Third Parties shall

4

> have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.
> *Id.*

Therefore, both Defendant and any third party have opportunity for protection of any confidential or trade secret information pursuant to the Protective Order.

### C. **Plaintiff's Subpoenas Are Not Overly Broad or Unduly Burdensome**

Plaintiff's subpoenas are directed to specific documents having high relevancy to Plaintiff's patent infringement claims. Importantly, not one of the third parties served with a subpoena has objected to the subpoena or provided an affidavit in support of Defendant's motion attesting to any purported burden because of the subpoena. Defendant is simply obstructing the process when the third parties themselves have not alleged undue burden. In fact, one of the third parties, T-Tool USA, LLC has already produced their responsive documents.

The subpoenas were sent to two groups of third parties. The first group includes: Advanced Engineering & Molding Technology, Inc. [Doc. 104, Pg ID 1600, Ex. A to Defendant's brief]; Rancho Mold & Machine [Doc. 104, Pg ID 1605, Ex. B to Defendant's brief]; Do+Able Products, Inc. Machine [Doc. 104, Pg ID 1615, Ex. D to Defendant's brief]; Machinery & Solutions LLC Machine [Doc. 104, Pg ID 1620, Ex. E to Defendant's brief]; Mark McClaran Machine [Doc. 104, Pg ID

5

1625, Ex. F to Defendant's brief]. The first group comprises entities that Defendant identified in interrogatory answers or in its document production as involved in the design and development of the infringing products. The second group includes: T-Tool USA LLC; MidAmerica Woodworking Machinery, Inc. [Doc. 105, Pg ID 1637, Ex. G to Defendant's Errata Notice]. Plaintiff understands these entities to be distributors for the infringing products. The subpoenas sent to the third parties included the following requests:

1. All communication with Better Vacuum Cups Inc., or any of its agents, employees or owners (collectively "BVC") relating to or regarding potential patent infringement.

2. All communication with BVC relating to or regarding potential patent infringement of U.S. Patent No. 6,364,299.

3. All communication with BVC relating to or regarding design, development or sales of vacuum cups, including component parts for vacuum cups, specifically including vacuum cups that could be considered a replacement for a vacuum cup by Schmalz GmbH or Schmalz, Inc., specifically including K1 (single circuit) style vacuum cups.

4. All communication with BVC relating to or regarding a redesign, redevelopment or sales of K1 style vacuum cups from 2014 to the present.

5. All invoices or purchase orders for the sale or purchase of vacuum cups manufactured by or for BVC, specifically including vacuum cups that could be considered a replacement for a vacuum cup by Schmalz GmbH or Schmalz Inc.

6

6. All communication with BVC relating to or regarding the purchase or sale of vacuum cups, specifically including vacuum cups that could be considered a replacement for a vacuum cup by Schmalz GmbH or Schmalz Inc.

7. All photos or videos of BVC's products, specifically including vacuum cups that could be considered a replacement for a vacuum cup by Schmalz GmbH or Schmalz Inc.

8. All photos or videos of vacuum cups by Schmalz GmbH or Schmalz Inc.

The first and second requests seek communication with Defendant regarding patent infringement (Request No. 1) and infringement of the patent in suit, U.S. Patent No. 6,364,299 (the '299 patent) (Request No. 2). Defendant appears to object to the first request because it is not limited to the '299 patent. The reason for not limiting the request to the '299 patent is to prevent references to patent infringement where the issue relates to the '299 patent but, the '299 patent is not specifically mentioned. Further, if Defendant was aware of infringement of other patents particularly other patents owned by Schmalz, it would show that Defendant likely was also aware of the risk of infringing the '299 patent. In any event, the requests are very limited and only involve "communication" with Defendant. This is reasonable and not burdensome as Defendant alleges.

Request No. 3 seeks communication with Defendant relating to or regarding the design, development or sale of vacuum cups including K1 style vacuum cups. This request is very limited as it is only for communication with Defendant and seeks

7

information relating to vacuum cups which is a very specific product. Similar to the first two requests, it is not limited to K1 style vacuum cups to avoid lack of production of documents relating to the infringing products just because it is not specifically identified as a K1 product. In fact, the developers likely would not know how the product is identified by Defendant or whether it is or is not a K1 product. Therefore the request is reasonable and any limitation to K1 products would likely not produce the necessary documents.

Request No. 4 relates to "redesign, redevelopment or sales of K1 style vacuum cups." This request is directed to Defendant's story that it has stopped selling the infringing style of vacuum cups and instead is selling a modified design that does not infringe the '299 patent. This information is highly relevant to whether Defendant is in fact taking measures to stop the infringement.

Request No. 5 asks for invoices or purchase orders for the sale or purchase of Defendant's vacuum cups, specifically including vacuum cups that could be considered a replacement for Plaintiff's vacuum cups. Again, not all third parties will know of the differences between a K1 or K2 style product. Limiting the requests to cups that are replacement for Schmalz's cups (Plaintiff) is very narrow and reasonable. The same limitations appear in Request Nos. 6, 7 and 8. Only information for Schmalz replacement cups are requested. If fact, it would likely take

8

the third party more time to figure out whether a particular invoice, video, photo, *etc*. related to a K1 product instead of a K2 product.

Therefore, Plaintiff respectfully submits that the subpoenas are reasonable in scope and do not impose undue burden on the subpoenaed third parties. The requested documents go directly to issues of patent infringement and Defendant's manufacture and sale of the infringing products. Defendant's protests otherwise are self-serving and unsupported.

### D. **Defendant is Obstructing Plaintiff's Discovery and Should Be Sanctioned**

Defendant's has no justification for its motion. Neither the law nor the facts support any of Defendant's arguments.

Part of the reason for issuing the subpoenas to third parties is to obtain information that Defendant is refusing to produce in discovery that is critical to Plaintiff's claims. As discussed in Plaintiff motion to compel discovery [Doc. 56] and in the parties' joint statement of resolved and unresolved issues, Defendant is refusing to provide any invoices or purchase orders with its customers relating to the infringing products. Instead, Defendant will only provide a summary of its purported sales of some of its products within the last two years. However, Plaintiff is entitled to damages going back, up to six years in a patent case. In any event, Plaintiff has a right to know if Defendant has properly accounted for the sales of the infringing products. Knowing the identity of Plaintiff's customers for the infringing

9

products is also critical for allowing Plaintiff to prove direct infringement by the customers who use the infringing vacuum cup on a base.  Frankly, without this information, Plaintiff will not be able to prove its case.  Defendant has stonewalled producing this information for nearly a year.

Filing the present motion is Defendant's last desperate attempt to block critical and discoverable information.  The end consequence of Defendant's motion is to wrongfully increase the litigation costs and needlessly delay the case.

## CONCLUSION

For the reasons as already discussed, Defendant's motion is not well intended and should be denied.

HOWARD & HOWARD ATTORNEYS PLLC

Dated: July 10, 2017

By: /s/ Gerald E. McGlynn, III
   Gerald E. McGlynn, III (P41149)
   450 West Fourth Street
   Royal Oak, Michigan 48067-2557
   Phone:  (248) 645-1483 | Fax: (248) 645-1568
   Email: GMcGlynn@HowardandHoward.com

AMBURN LAW PLLC
By:    Dean W. Amburn (P46427)
28588 Northwestern Highway, Suite 100
Southfield, Michigan 48034-1840
Phone:  (248) 621-2111 | Fax: (248) 308-5540
Email: DWA@AmburnLaw.com

*Attorneys for Plaintiff*

10

## CERTIFICATE OF SERVICE

**THE UNDERSIGNED** certifies that he filed *Plaintiff's Response in Opposition to Defendant's Motion to Quash Plaintiff's Third Party Subpoenas [Doc. 104]* along with this accompanying *Certificate of Service* using the CM/ECF Filing system, which generated a Notification of Electronic Filing to all persons currently registered with the Court in the above-referenced matter.

HOWARD & HOWARD ATTORNEYS PLLC

Dated: July 10, 2017

By: /s/ Gerald E. McGlynn, III
Gerald E. McGlynn, III (P41149)
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Phone: (248) 645-1483 | Fax: (248) 645-1568
Email: GMcGlynn@HowardandHoward.com

AMBURN LAW PLLC
By: Dean W. Amburn (P46427)
28588 Northwestern Highway, Suite 100
Southfield, Michigan 48034-1840
Phone: (248) 621-2111 | Fax: (248) 308-5540
Email: DWA@AmburnLaw.com

*Attorneys for Plaintiff*

4853-2263-3291, v. 1